IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

HERRING BANK, TRUSTEE FOR THE
BENEFIT OF THE BONDHOLDERS OF
FIRST BAPTIST CHURCH OF STERLING,

       Plaintiff,

v.

FIRST BAPTIST CHURCH OF
STERLING, INC., *et al.*,

       Defendants.

2:24-CV-246-Z

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Trustees for First Baptist Church of Sterling Motion to Dismiss (ECF No. 3) ("Motion to Dismiss") filed on November 18, 2024, and Plaintiff's Brief in Response to Defendants' Motion to Dismiss and Request for Extension of Time to Serve Defendant Trustees/Unincorporated Church ("Response") filed on December 9, 2024. ECF No. 11. The Court **GRANTS** Defendant Trustees' Motion and **DISMISSES** all claims against Mark Winborne, Katura Fetterson, and First Baptist Church of Sterling for lack of personal jurisdiction. The claims against First Baptist Church of Sterling, Inc. remain.

### BACKGROUND

Defendant First Baptist Church of Sterling ("FBC Sterling") is an unincorporated church founded in 1963 and located in Loudoun County, Virginia. ECF No. 3 at 2. FBC Sterling's property is currently held in trust for the benefit of the church congregation by two trustees, Defendants Mark Winborne and Katura Fetterson ("Trustees"). ECF No. 3 at 2–3. In 2004, Defendant First Baptist Church of Sterling, Inc. ("FBC Sterling, Inc.") was formed, ostensibly for the purpose of holding title to the church property following the passage of Virginia Code 57-

15. ECF No. 3 at 2.[1] But title to the church property was never transferred from the Trustees to FBC Sterling, Inc. ECF No. 3 at 2.

In 2007, FBC Sterling, Inc. filed for bankruptcy. ECF No. 3 at 2. To finance its debt, FBC Sterling, Inc. executed a Trust Indenture ("Indenture") with Plaintiff Herring Bank ("Plaintiff"). ECF No. 11 at 2–3. The Indenture was signed on behalf of FBC Sterling, Inc. by Leslie Patterson and Donnie Nieves. ECF No. 11-1 at 23. Neither Mark Winborne nor Katura Fetterson signed the Indenture as a Trustee nor was the unincorporated FBC Sterling named in the Indenture. *See* ECF No. 11-1 at 23. The Indenture contained a forum selection clause naming Potter County, Texas as the appropriate forum for all litigation. ECF No. 11-1 at 20.

Pursuant to the Indenture, FBC Sterling, Inc. issued First Mortgage Bonds, generating over four million dollars in revenue. ECF No. 11 at 3. Many of these bonds were purchased by FBC Sterling church members. ECF No. 11 at 3. The Indenture named Plaintiff as Trustee for the bondholders. ECF No. 11 at 3. And payment for the bonds was secured by a Deed of Trust lien on church property. ECF No. 11 at 3.

The terms of the Indenture required FBC Sterling, Inc. to make periodic payments to Plaintiff to cover regular bond payments and other costs. ECF No. 11 at 4. The Indenture also contained an acceleration provision which allows Plaintiff to require full payment of all outstanding bonds and interest if FBC Sterling, Inc. defaults on its payments. ECF No. 11 at 4.

In August 2024, after FBC Sterling, Inc. defaulted on its payments multiple times, Plaintiff sent FBC Sterling, Inc. a Notice of Acceleration and demanded that it pay the total outstanding bond principal and interest within seven days. ECF No. 11 at 4. After FBC Sterling,

---

[1] The codification of Virginia Code 57-15 created the option for Virginia churches to form a corporation to hold title to church property. Prior to this, church property could only be held in trust for the benefit of the congregation by trustees.

2

Inc. failed to make this payment, Plaintiff attempted to foreclose on the church property. But FBC Sterling, Inc. then claimed that it did not hold title to the property named in the Indenture. ECF No. 11 at 4; ECF No. 3 at 3. This foreclosure action is the subject of a pending lawsuit in Virginia. ECF No. 11 at 4.

Plaintiff then filed the instant lawsuit bringing claims against FBC Sterling, Inc., FBC Sterling, and Trustees for unjust enrichment, money had and received, fraudulent inducement, and piercing the corporate veil/alter ego. ECF No. 9 at 5–9. Plaintiff brought an additional claim against only FBC Sterling, Inc. for breach of contract. ECF No. at 5. Defendants FBC Sterling and Trustees then filed the instant Motion to Dismiss, arguing that the Court should dismiss Plaintiff's claims on two grounds: lack of personal jurisdiction and insufficient service of process. ECF Nos. 3, 21. After Defendants filed their Motion to Dismiss, Plaintiffs filed an Amended Complaint. ECF No. 9.

## LEGAL STANDARD

The plaintiff bears the burden of establishing personal jurisdiction over defendants. *In re DePuy Orthopedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018) (internal citations omitted). The Court may only exercise personal jurisdiction over a defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that Defendant and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Because the Texas long-arm statute extends to the limits of federal due process, these two steps merge into a single due process analysis. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

A plaintiff satisfies federal due process if the defendant purposefully availed itself of the

3

benefits of Texas by establishing "minimum contacts" with Texas and if the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations omitted). A defendant's minimum contacts may give rise to either general or specific jurisdiction. *Daimler*, 571 U.S. at 127.

**ANALYSIS**

**I. Defendants' Motion to Dismiss is not moot.**

### A. Plaintiff's Amended Complaint does not render Defendant's entire Motion to Dismiss moot.

As an initial matter, Plaintiff argues that its Amended Complaint renders Defendants' entire Motion to Dismiss moot. ECF No. 11 at 7. But Plaintiff is incorrect. Although "it is a generally accepted principle that the filing of an amended complaint supersedes the prior complaint, a motion to dismiss, which attacks the original complaint for deficiencies that persist in the amended complaint, should not be denied as moot." *People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-170-G, 2007 WL 120006, at *2 (N.D. Tex. Jan. 18, 2007). And in such a situation, the court "should instead apply the motion to dismiss to the amended complaint." *Ponder v. Wersant*, No. 4:17-CV-00537, 2017 WL 3923544, at *3 (S.D. Tex. Sept. 5, 2017). Defendants "should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading . . . . to hold otherwise would be to exalt form over substance." *Villas at Parkside Partners v. City of Farmers Branch*, 245 F.R.D. 551, 558 (N.D.

4

Tex. 2007) (quoting CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL
PRACTICE & PROCEDURE § 1476 (2d ed. 1987).

Here, Plaintiff's Amended Complaint retains "some of the defects raised in [Defendants']
original motion." *Villas at Parkside*, 245 F.R.D. at 558. Specifically, Plaintiff's Amended
Complaint fails to adequately address Defendants' jurisdictional challenge. Accordingly,
Defendant's Amended Complaint does not render Defendants' entire Motion to Dismiss moot,
and Defendants' Motion to Dismiss for lack of personal jurisdiction may proceed. The Court will
construe all Defendants' grounds for dismissal against Plaintiff's Amended Complaint.

### B. FBC Sterling and Trustees' Motion to Dismiss Plaintiff's Amended Complaint for insufficient service of process is moot.

FBC Sterling and the Trustees' Motion to Dismiss alleges that Plaintiff's Amended
Complaint should be dismissed because Plaintiff failed to serve either FBC Sterling or its
Trustees. But both Trustees waived service of process of the Amended Complaint on December
26, 2024. ECF No. 24. Accordingly, as the Trustees were also the agents for service of process
for FBC Sterling, the Court **DENIES** FBC Sterling and the Trustee's Motion to Dismiss
Plaintiff's Amended Complaint for insufficient service of process as moot.

### II. The Court lacks personal jurisdiction over FBC Sterling and Trustees.

#### A. The Court lacks specific jurisdiction over FBC Sterling and Trustees.

Specific jurisdiction exists "where the plaintiff alleges a cause of action which grows out
of or relates to a contact between the defendant and the forum state." *Helicopteros Nacionales de
Colom., S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984). Two elements must be met for a court to
exercise specific jurisdiction: "(1) the foreign defendant must purposely direct his activities at
residents of the forum and (2) the cause of action must arise from or be connected with such
activities." *Burger King*, 471 U.S. at 472. When analyzing these elements, courts typically

5

inquire whether there was "some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Here, no contacts arising from the underlying dispute exist between FBC Sterling and Trustees and the State of Texas, nor have FBC Sterling or Trustees directed any activities at Texas. Plaintiff argues that the Indenture contains a forum selection clause that identifies Potter County, Texas as the forum for all litigation. ECF No. 11 at 10. But neither FBC Sterling nor Trustees signed the Indenture. ECF No. 3 at 5–6. Nor were FBC Sterling or Trustees named in the earlier bankruptcy proceedings in Virginia which precipitated the Indenture. ECF No. 11 at 7–10. Instead, FBC Sterling, Inc. and its director, Leslie Patterson, were named in both the Indenture and all the bankruptcy documents cited by Plaintiff. ECF No. 11 at 8–10.

Recognizing this, Plaintiff instead alleges that FBC Sterling and Trustees "worked in tandem with [FBC Sterling, Inc.] to play a shell game and to try to prevent the bondholders from having any security for the bond payments." ECF No. 11 at 7. Plaintiff argues that FBC Sterling, Inc. represented to Plaintiff in the Indenture that it owned the church property which was instead held by Trustees for the benefit of the FBC Sterling congregation. Thus, according to Plaintiff, the Court should find that FBC Sterling, Inc. is the alter ego of FBC Sterling and its Trustees and assert personal jurisdiction over FBC Sterling and Trustees. ECF No. 11 at 11.

Although courts must decide jurisdictional issues before reaching the merits of a case, *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017), courts have held that "it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would

6

be subject to personal jurisdiction in that court." *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002). Because the "corporation and its individual alter ego [] are the same entity, the jurisdictional contacts of one are the jurisdictional contacts of the other for the purposes of the *International Shoe* due process analysis." *Id.*

But Plaintiff provided the Court with no facts demonstrating that FBC Sterling or Trustees knew about or were involved in FBC Sterling Inc.'s alleged misrepresentation to Plaintiff about the ownership of the church property. Plaintiff's only alter ego argument is that Trustees must have been complicit in FBC Sterling, Inc.'s "shell game" because Trustees held title to the church property. ECF No. 11 at 8–11. But without more, the Court finds that FBC Sterling and Trustees were not sufficiently involved in and aware of FBC Sterling, Inc.'s alleged fraud such that they should be subjected to personal jurisdiction in Texas — a state over a thousand miles away from Loudon County, Virginia. Furthermore — of significant interest to the Court — Plaintiff never explains why it failed to ascertain at the time the Indenture was signed whether FBC Sterling, Inc. owned the property named in the Indenture.

Plaintiff failed to allege any facts demonstrating that FBC Sterling and Trustees directed any activities at Texas or that they were sufficiently aware of FBC Sterling, Inc.'s alleged fraud such that the Court could find that they were the alter ego of FBC Sterling, Inc. Accordingly, the Court lacks specific jurisdiction over FBC Sterling and Trustees.

**B. The Court lacks general jurisdiction over FBC Sterling and Trustees.**

General jurisdiction arises when "a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 415 n.9. But general jurisdiction "exists only when the defendant's contacts with the state are 'continuous and systematic.'" *Id.* at 416.

7

Here, not only are FBC Sterling and Trustees' contacts with Texas not continuous and systematic — they are nonexistent. And as the Court noted previously, neither FBC Sterling nor Trustees signed the Indenture. Nor was either party named in the previous bankruptcy proceeding which precipitated the Indenture. Plaintiff's only argument that FBC Sterling or Trustees were in any way connected to the Indenture is its alter ego claim, which the Court previously found is insufficient. Accordingly, the Court lacks general jurisdiction over FBC Sterling and Trustees.

### C. Plaintiff failed to demonstrate the need for jurisdictional discovery.

In the alternative, Plaintiff requests that the Court continue the proceedings to allow it to conduct additional jurisdictional discovery. ECF No. 11 at 15. But Plaintiff failed to demonstrate that additional discovery would in any way change the outcome of the Court's analysis here. A district court "has broad discretion in all discovery matters." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). And "discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Moreover, when the "lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.*

Here, Defendants' Motion to Dismiss raises no issues of fact. And Plaintiff's brief does not "describe the discovery [it] contend[s] should have been allowed, what facts [it] hoped to obtain from such discovery, or how it would produce information that would support specific [or general] jurisdiction for [FBC Sterling and Trustees]." *Id.* Accordingly, the Court declines to order any additional jurisdictional discovery in this case.

\* \* \*

Plaintiff has failed to demonstrate that FBC Sterling and Trustees have sufficient minimum contacts to give rise to either specific jurisdiction or general jurisdiction. Accordingly,

8

the Court does not analyze whether an exercise of jurisdiction would comport with fair play and substantial justice because Plaintiff has failed to establish that the Court has personal jurisdiction over FBC Sterling and Trustees. Thus, FBC Sterling and Trustees' Motion to Dismiss for lack of personal jurisdiction is **GRANTED**. Nothing in this order, however, prejudices Plaintiff from filing this lawsuit in Virginia.

### III. Plaintiff failed to demonstrate that judicial estoppel is appropriate.

In a final effort to ward off Defendants' Motion to Dismiss, Plaintiff asks the Court to judicially estop FBC Sterling and Trustees from asserting a jurisdictional defense. ECF No. 11 at 12–14. Plaintiff points to FBC Sterling and Trustees' allegedly deceitful representations about the ownership of church property in the prior Virginia bankruptcy action as grounds to estop Defendants from asserting jurisdictional arguments now. ECF No. 11 at 12–14.

But the Supreme Court has held that the doctrine of estoppel "do[es] not apply to jurisdictional objections." *Wilkins v. United States*, 598 U.S. 152, 158 (2023). And "not even . . . egregious conduct by a litigant could permit the application of judicial estoppel as against a jurisdictional rule." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 298 (2023). While these cases analyze whether a particular statute is jurisdictional rather than review a lower court's finding of personal jurisdiction, the principal that jurisdictional rules are beyond the scope of judicial estoppel applies here. The Supreme Court has defined "jurisdictional rules" as those that "pertain to the power of the court rather than to the rights or obligations of the parties." *Id.* And personal jurisdiction centers entirely on whether the Court has power over the parties in this case. Accordingly, the Court cannot judicially estop FBC Sterling and the Trustee's jurisdictional arguments.

But even if the Court were to consider Plaintiff's judicial estoppel arguments, Plaintiff

9

has failed to demonstrate the necessary facts. Judicial estoppel "is an equitable doctrine, and the decision whether to invoke it is within the court's discretion." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008). As an equitable doctrine, "judicial estoppel is invoked where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *Id.* at 385. Three elements must be present for judicial estoppel to operate against a party: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." *Id.* at 386.

Here, Plaintiff fails to demonstrate facts satisfying the first and third elements. Plaintiff alleges that, in a prior Virginia proceeding, FBC Sterling and the Trustees represented to the bankruptcy court that FBC Sterling, Inc. owned the church property at issue but then told this Court that the property is held by the Trustees. ECF No. 11 at 14. These facts fail to justify this Court's exercise of judicial estoppel for three reasons.

First, the allegedly inconsistent position identified by Plaintiff has nothing to do with whether FBC Sterling and Trustees are subject to personal jurisdiction in Texas — the issue which Plaintiff asks the Court to judicially estop FBC Sterling and the Trustees from addressing in this case. The fact that Defendants made an inconsistent representation on a separate, merits issue has no bearing on whether the Court should judicially estop Plaintiffs from raising a jurisdictional objection in this case. Second, the allegedly inconsistent position identified by Plaintiff was made in a separate proceeding in a different state. To invoke judicial estoppel, Plaintiff must identify a prior, inconsistent position made in *this* case or in a substantially related proceeding. Third, Plaintiff has failed to allege any facts demonstrating that any misrepresentation made in the prior bankruptcy proceeding was purposeful. Whether Defendants

10

were genuinely confused about the ownership of the church property or were purposefully playing an elaborate "shell game" to deceive their creditors is a merits issue that remains undecided. ECF No. 11 at 10. For these reasons, Plaintiff's arguments fail to meet the three elements necessary for the Court to appropriately estop FBC Sterling and Trustees from raising a jurisdictional defense.

### IV. Attorney's Fees

FBC Sterling and Trustees request attorney's fees in their Motion to Dismiss. But their motion does not comply with Federal Rule of Civil Procedure 54. Defendants' Motion fails to "(1) specify the judgment, statute, rule, or other grounds entitling the movant to the award, and (2) state the amount sought or provide a fair estimate of it." FED. R. CIV. P. 54(d)(2)(B). Accordingly, the Court **DENIES** FBC Sterling and Trustee's request for attorney's fees but grants leave for Defendants to file a separate amended motion for attorney's fees that corrects these defects.

### CONCLUSION

Plaintiff Herring Bank has failed to identify any facts establishing that this Court has personal jurisdiction over Defendants FBC Sterling and Trustees. Accordingly, FBC Sterling and Trustees' Motion to Dismiss for lack of personal jurisdiction is **GRANTED**.

**SO ORDERED**.

February **6**, 2025.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

11